UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAKOBY MICKEL,

  Plaintiff,

v.                      Hon. Hala Y. Jarbou

CITY OF LANSING, et al.,           Case No. 1:23-cv-915

  Defendants.

## REPORT AND RECOMMENDATION

  Plaintiff filed his complaint in this matter on August 30, 2023, against Defendants City of Lansing, DeWitt Township Police Department, and Officer Clyde Smith. Plaintiff asserts claims of false arrest, illegal detainment, and racial profiling pursuant to 42 U.S.C. § 1983. His claims arise out of Defendant Smith's initiation of a traffic stop on July 14, 2023, which Plaintiff alleges was not supported by probable cause. Plaintiff alleges that Defendant Smith's continued detention of the occupants after a reasonable amount of time had expired also violated the Fourth Amendment.

  Having granted Plaintiff's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After conducting this review, I recommend that Plaintiff's claims against the City of Lansing and the DeWitt Township Police Department be dismissed for failure to state a claim but that the Court direct the Clerk to serve Plaintiff's complaint as to Defendant Smith.

  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

First, regarding the City of Lansing, Plaintiff simply names the City as a Defendant without alleging any fact indicting how the City violated Plaintiff's constitutional rights. Plaintiff's allegations are limited to his interactions with Defendant Smith on July 14, 2023. Moreover, it appears from the complaint that Defendant Smith was an officer with the DeWitt Township Police Department rather than an officer employed by the City. Finally, even if Defendant Smith is a City police officer, the claim against the City fails because a local government such as a municipality

or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974) ). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. Plaintiff's claim fails at the first step because he has not alleged or identified a policy or custom of the City that caused the constitutional violation. Thus, Plaintiff's claim against the City is subject to dismissal.

As for the DeWitt Township Police Department, this claim is subject to dismissal because the police department is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). While Plaintiff may have a claim against Defendant Smith, his claim against the DeWitt Township Police Department fails as a matter of law.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against the City of Lansing and the DeWitt Township Police Department be dismissed for failure to state a claim. I further recommend that the Court direct service on Defendant Smith.

Date: September 5, 2023  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).