UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKOBY MICKEL,

    Plaintiff,

v.

CITY OF LANSING, et al.,

    Defendants.

_____/

Case No. 1:23-cv-915

Hon. Hala Y. Jarbou

# ORDER

Jakoby Mickel, proceeding pro se, brings this 42 U.S.C. § 1983 action against Officer Clyde Smith alleging false arrest, illegal detainment, and racial profiling arising out of a traffic stop. On March 18, 2024, Magistrate Judge Sally J. Berens issued a Report and Recommendation ("R&R") (ECF No. 21) recommending that the Court grant Smith's motion to dismiss for failure to state a claim (ECF No. 12) and dismiss the case. She further recommends that Mickel's request to amend the complaint should be denied as improperly presented. Before the Court is Mickel's objections to the R&R (ECF No. 22).

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Because Mickel is proceeding pro se, the Court will review his objections more liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

As an initial matter, the Court notes that the magistrate judge relied on video evidence in her R&R. She concluded that Smith is entitled to qualified immunity because body cam and dash

cam footage makes clear that no constitutional violation occurred.  While ordinarily a motion to dismiss is decided on the four corners of the complaint, the Sixth Circuit has made clear that courts may consider this type of video evidence at this stage.  "[W]hen uncontroverted video evidence easily resolves a case, we honor qualified immunity's principles by considering the videos."  *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022).  That is the case here.

Mickel's complaint names only Smith.  He alleges Smith improperly stopped Mickel's car, improperly searched the car, and improperly arrested Mickel.  But as the magistrate judge correctly noted, the video evidence shows that Smith was called to assist Sgt. Wiswasser—a non-party officer—after the traffic stop was well under way.  *Wiswasser* conducted the initial stop, searched the car, and arrested Mickel.  Thus, the magistrate judge is correct that Smith could not have violated Mickel's Fourth Amendment rights through Wiswasser's actions.  Smith did assist Wiswasser in detaining Mickel after an unregistered firearm was discovered; however, this discovery provided the officers with reasonable suspicion of criminal activity, which then justified the detainment.  *United States v. Whitley*, 34 F.4th 522, 532 (6th Cir. 2022).  In short, Mickel alleges no cognizable constitutional violation by Smith.

Mickel's only substantive objection is that Smith should have been aware of the civil rights violations that he alleges occurred (at the hands of Wiswasser), and thus should not be protected by qualified immunity.  (Pl.'s Objs. ¶ 25.)  However, this objection is conclusory and does not address the magistrate judge's conclusion that the collective-knowledge doctrine, *see Bey v. Falk*, 946 F.3d 304, 316 (6th Cir. 2019), allowed Smith to rely on the reports of Wiswasser in good faith.  Smith was not present during the initial traffic stop, and Mickel alleges no facts from which to infer that the details of the event were available to him beyond what was relayed by Sgt.

Wiswasser. Mickel's objections as they relate to Smith's actions and knowledge are thus overruled.

Mickel's remaining objections gesture towards a request to amend the complaint to add Wiswasser as a defendant. But no proposed amended complaint has been provided to the Court, and Mickel has not filed a motion for leave to amend, as required by local rules. *See* W.D. Mich. LCivR 5.7(f). As no motion to amend is properly before the Court, Mickel's request to amend the complaint, to the extent he makes it, will be denied.

Accordingly,

**IT IS ORDERED** that the report and recommendation ("R&R") of the magistrate judge (ECF No. 21) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendant's motion for dismissal for failure to state a claim (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 22) are **OVERRULED**.

A judgment will enter consistent with this order.

Dated: May 16, 2024 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE